UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>THOMAS R. BATEMAN and<br>KATHERINE E. BATEMAN,<br><br>        Debtors. | CIVIL ACTION<br>NO. 19-10348-WGY<br><br>CHAPTER 7 CASE<br>NO. 17-11217-FJB |
| JOSEPH G. BUTLER,<br>Chapter 7 Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT E. BATEMAN,<br>LESLIE A. BATEMAN, and<br>TOWN OF SEBAGO, MAINE,<br><br>        Defendants. | ADVERSARY PROCEEDING<br>NO. 19-01001 |

YOUNG, D.J.                                                                July 1, 2019

**MEMORANDUM OF DECISION**

I. **INTRODUCTION**

"[J]urors are the life's blood of our third branch of government." Marchan v. John Miller Farms, Inc., 352 F. Supp. 3d 938, 947 (D.N.D. 2018). Here, the defendants in a bankruptcy adversary case, Robert E. and Leslie A. Bateman (collectively, the "younger Batemans") and the Town of Sebago, Maine ("Sebago"), sought to withdraw the reference of that case to the

Bankruptcy Court. Mot. Withdraw Reference Bankruptcy Ct. 1-7 ("Mot. Withdraw"), ECF No. 1.[1] Because this case invokes quintessential jury questions and waiting to withdraw the reference would slow the flow of the very "life's blood of our third branch of government," the Court GRANTED the younger Batemans and Sebago's motion. See Marchan, 352 F. Supp. 3d at 947.

## II. BACKGROUND

Thomas R. and Katherine E. Bateman (collectively, the "elder Batemans," or, collectively with the younger Batemans, the "Batemans") filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") on April 5, 2017. Chapter 11 Voluntary Pet. Individual, In re Bateman, Ch. 7 Case No. 17-11217-FJB (Bankr. D. Mass. Apr. 5, 2017) ("In re Bateman"), ECF No. 1. Pursuant to the United States Trustee and the elder Batemans' stipulation, the Bankruptcy Court converted the case into a Chapter 7 proceeding on February 5, 2018, Proceeding Mem./Order, In re Bateman (Feb. 5, 2018), ECF No. 134, and appointed Joseph

---

[1] Electronic Case Filing docket number one contains the entire briefing for the instant motion. For clarity, this memorandum uses the page of the consolidated portable document file cited, not the numbers that appear as a legend on each page of the document. For example, a reference to page ten of the opposition to the motion to withdraw refers to tenth page of the consolidated portable document file, notwithstanding the legends indicating that it is page one and fifteen.

G. Butler ("Butler") as Chapter 7 Trustee the next day, Certificate Appointment, In re Bateman (Feb. 6, 2018), ECF No. 135.

On January 2, 2019, Butler filed a verified adversary complaint against the younger Batemans and Sebago. Verified Adversary Compl. Avoid & Recover Fraudulent Transfer & Inj. Relief ("Adv. Compl."), In re Bateman (Jan. 2, 2019), ECF No. 188, Butler v. Bateman (In re Bateman) ("Adv. Proc."), Adv. Proc. No. 19-01001, ECF No. 1. The adversary complaint alleges that the elder Batemans fraudulently transferred their Sebago vacation home to the younger Batemans through Sebago after Sebago enforced a real estate tax lien on the vacation home. Adv. Compl. 1. The adversary complaint demands damages from the allegedly fraudulent transfer or rescission of the transaction. Adv. Compl. ¶¶ 62-63, 71-72, 79-80, 90-91. On January 31, 2019, the younger Batemans answered the adversary complaint and demanded trial by jury. Answer & Jury Demand Defs. Robert E. Bateman & Leslie A. Bateman, Adv. Proc., ECF No. 34. On March 1, 2019, Sebago moved to dismiss the adversary complaint, which Butler opposed. Sebago's Mot. Dismiss Verified Compl. Avoid & Recover Fraudulent Transfer & Inj. Relief Incorporated Mem. Law, Adv. Proc., ECF No. 39; Pl.'s Opp'n Sebago's Mot. Dismiss

[3]

Verified Compl. Avoid & Recover Fraudulent Transfer & Inj. Relief, Adv. Proc., ECF No. 44.[2]

On March 8, 2019, the younger Batemans moved to withdraw the reference to the Bankruptcy Court. Mot. Withdraw 1. The younger Batemans and Butler fully briefed the motion, and the Court heard argument on the motion on March 25, 2019. See Opp'n Chapter 7 Trustee Defs. Robert E. Bateman & Leslie A. Bateman's Mot. Order Withdrawing Reference Bankruptcy Ct. 10-17 ("Butler's Opp'n"), ECF No. 1; Reply Defs. Robert E. Bateman & Leslie A. Bateman Opp'n Chapter 7 Trustee Mot. Order Withdrawing Reference Bankruptcy Ct. 18-23 ("Reply"), ECF No. 1. At the motion hearing, Sebago orally joined the younger Batemans' motion. After hearing argument, the Court GRANTED the younger Batemans' motion. Electronic Clerk's Notes, ECF No. 8. This memorandum explains the Court's reasoning.

III. **ANALYSIS**

The Court granted the motion for an order withdrawing the reference because the Seventh Amendment to the United States Constitution entitles the younger Batemans and Sebago to a jury trial. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 40-42 (1989); Riley v. Wolverine, Proctor & Schwartz Ltd. (In re Wolverine, Proctor & Schwartz, LLC), 404 B.R. 1, 2-3 (D. Mass.

---

[2] This Court expresses no opinion on the merits of Sebago's motion to dismiss in this memorandum of decision.

[4]

2009) (O'Toole, J.). Withdrawal of the reference at this stage of the litigation also avoids this Court's de novo review of the Bankruptcy Court's findings of fact and conclusions of law on Sebago's motion to dismiss, an efficient use of limited judicial resources. See DeGiacomo v. Holland & Knight, LLP (In re Inofin, Inc.), Chapter 7 Case No. 11-11010-JNF, Civ. A. No. 14-10483, 2014 WL 1795575, at *2-3 (D. Mass. May 2, 2014) (Gorton, J.) ("Inofin I").

### A. Standard of Review

Butler's adversary complaint alleged bankruptcy court jurisdiction with citation to sections 157(b) and 1334(b) of chapter 28 of the United States Code, which authorize the bankruptcy courts to hear cases arising out of chapter 11 of the United States Code. Adv. Compl. ¶ 4. This Court's Local Rule 201 provides that any such cases "shall be referred" to the Bankruptcy Court, thereby implementing sections 157(b) and 1334(b).

Even so, section 157(d) allows the Court to withdraw the reference "on timely motion of any party, for cause shown." Congress intended for district courts to withdraw the reference to bankruptcy courts only where "essential to preserve a higher interest." Agin v. Sam Hill, LLC, No. 14-CV-12885, 2014 WL 6773727, at *2 (D. Mass. Dec. 2, 2014) (Casper, J.) (quoting

[5]

Weiss v. Lockwood, 499 B.R. 392, 393 (D. Mass. 2013) (Gorton, J.)).

Although section 157(d) does not define "cause," courts hold that cause to withdraw the reference obtains where withdrawal would further the "goals of [1] promoting uniformity in bankruptcy administration, [2] reducing forum shopping and confusion, [3] fostering the economical use of the debtors' and creditors' resources, and [4] expediting the bankruptcy process." Federal Trade Comm'n v. American Inst. for Research & Dev., 219 B.R. 639, 647 (D. Mass. 1998) (Ponsor, J.) (quoting Gray v. Solvay Polymers, Inc. (In re Dooley Plastic Co., Inc.), 182 B.R. 73, 80 (D. Mass. 1994) (Lindsay, J.)); see also Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)). Other sessions of this Court have thus ruled that "[c]ause to withdraw a reference exists where a party has a right to a trial by jury and does not consent to having that trial in the bankruptcy court." Riley, 404 B.R. at 2 (citing Container Recycling All. v. Lassman, 359 B.R. 358, 360 (D. Mass. 2007) (O'Toole, J.), abrogated on other grounds by Stern v. Marshall, 564 U.S. 462, 496-99 (2011)).

**B. Cause**

This Court rules that the younger Batemans and Sebago's Seventh Amendment right to a jury trial constitutes cause to withdraw the reference because the younger Batemans and Sebago

do not agree to a jury trial in the Bankruptcy Court. See Riley, 404 B.R. at 2.

The Seventh Amendment to the United States Constitution provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

If a statute confers "legal rights and remedies, enforceable in an action for damages in the ordinary courts of law," it confers a jury trial right under the Seventh Amendment. Curtis v. Loether, 415 U.S. 189, 194 (1974). Courts in the First Circuit "undertake a three-part inquiry" when deciding whether the jury trial right attaches to an action seeking to enforce statutory rights. Full Spectrum Software, Inc. v. Forte Automation Sys., Inc., 858 F.3d 666, 675 (1st Cir. 2017). First, the Court must decide "whether the current action is 'analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century.'" Id. (quoting Braunstein v. McCabe, 571 F.3d 108, 118 (1st Cir. 2009)).[3]

---

[3] "[T]rial by jury is . . . the lamp that shows that freedom lives." Patrick Devlin, Trial by Jury 164 (London, 1956).
It ought be remembered that America itself had a richly developed jury trial tradition (and the jurisprudence to go with it) well over a century before we became a nation. See William E. Nelson, Americanization of the Common Law: The Impact of

Legal Change on Massachusetts Society, 1760-1830 at 21-30 (Cambridge, Mass. 1975); William E. Nelson, The Eighteenth Century Background of John Marshall's Constitutional Jurisprudence, 76 Mich. L. Rev. 893, 904-17 (1978); Robert J. Brink, "Immortality Brought to Light": An Overview of Massachusetts Colonial Court Records & William E. Nelson, Court Records as Sources for Historical Writing, in Law in Colonial Massachusetts 1630-1800 at 471, 501 (The Colonial Soc'y of Mass. 1984); David Thomas Konig, The Virgin and the Virgin's Sister: Virginia, Massachusetts, and the Contested Legacy of Colonial Law in The History of the Law in Massachusetts: The Supreme Judicial Court, 1692-1992 (Russell K. Osgood ed., Supreme Judicial Court Historical Soc'y 1992).

This tradition was, however, but rarely cited in early federal court decisions since the desire to federalize the national court system called for recourse to a single common law. This theme was well expressed by the great justice Joseph Story sitting as a circuit judge here in Massachusetts:

> [W]e shall be able to comprehend the scope and object of the [Seventh] amendment, which was proposed, and almost immediately and unanimously adopted, as part of the constitution. It is in these words: 'In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. And no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law.' Beyond all question, the common law here alluded to is not the common law of any individual state, (for it probably differs in all), but it is the common law of England, the grand reservoir of all our jurisprudence.

United States v. Wonson, 1 Gall. 5, 28 F. Cas. 745, 750 (C.C.D. Mass. 1812) (Case No. 16,750) (Story, J., sitting as Circuit Justice).

Today, when the guarantee of the Seventh Amendment has been reduced to but a pitiful remnant of its original meaning and has but few friends on the Supreme Court and among the institutional judiciary, it might be well to remember the collective vision of our forbearers who carried this "lamp that shows that freedom lives" to our shores. See Devlin, supra.

Second, and most importantly, the Court must decide whether the plaintiff's desired remedy is legal or equitable. Id. (quoting Granfinanciera, 492 U.S. at 42). Third, where the previous two inquiries suggest a jury trial right and Congress provided for a non-Article III adjudicator for the claim, the Court must decide whether the claim implicates private or public rights. Id.

Butler posits that the younger Batemans and Sebago's jury trial demand falters only on the second step of the Seventh Amendment test. Butler Opp'n ¶ 6. The adversary complaint asserts four counts of fraudulent transfer under the Federal Bankruptcy Code and state laws.[4] Adv. Compl. ¶¶ 54-91. The Supreme Court held in Granfinanciera that an individual who has not submitted a claim against a bankruptcy estate has a Seventh Amendment jury trial right in a suit to recover a "fraudulent monetary transfer." 492 U.S. at 36, 60-65. Butler attempts to distinguish Granfinanciera on the ground that he seeks to avoid a fraudulent transfer of real property unlike the trustee in Granfinanciera, who sought to avoid a fraudulent transfer of money. Butler Opp'n 16-17. Butler suggests that his demand for a reconveyance of the elder Batemans' vacation home constitutes an equitable remedy. Id. at 17 (citing Weiss, 499 B.R. at 394;

---

[4] Count V seeks only a preliminary injunction, so it does not affect this analysis. See Adv. Compl. ¶¶ 92-99.

[9]

Campana v. Pilavis (In re Pilavis), 228 B.R. 808, 810 (Bankr. D. Mass. 1999)).

Crucially, however, Butler concedes -- as he must under Granfinanciera -- that "the Batemans likely have a right to a jury trial to the extent that [Butler] seeks damages as a remedy on the fraudulent transfer claims." Butler Opp'n 16-17. Indeed, Butler asks for damages on each fraudulent transfer claim that he lodges and only requests conveyance of the elder Batemans' former vacation home as an alternative form of relief. Adv. Compl. ¶¶ 62-63, 71-72, 79-80, 90-91. As the Supreme Court reaffirmed in Granfinanciera:

> [W]here an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury.

492 U.S. at 46 n.5 (quoting Whitehead v. Shattuck, 138 U.S. 146, 151 (1891)).

The Seventh Amendment thus requires a jury trial at least to determine if the Batemans and Sebago owe damages; after that trial, if Butler prevails, the Court shall then decide whether Butler ought receive equitable relief. See MAZ Partners LP v. Shear (In re PHC, Inc. S'holder Litig.), 894 F.3d 419, 437 (1st

Cir. 2018) (citing 9 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper et al., Federal Practice and Procedure § 2306 (3d ed.) (stating that "the constitutionally required solution in the situations in which a single issue may be either legal or equitable depending upon the remedy awarded is to have a jury present to decide the issue, even though the district court then may have to determine for itself, on the basis of the jury's determination, whether to grant relief of a type that was historically viewed as equitable.")), cert. denied sub nom. Shear v. MAZ Partners, LP, 139 S. Ct. 489 (2018).

Therefore, the Court ruled that cause to withdraw the reference exists because the Batemans and Sebago have a right to a jury trial and they "do[] not consent to having that trial in the bankruptcy court." See Riley, 404 B.R. at 2.

### C. Timing

Butler urges the Court to delay withdrawing the reference until after the Bankruptcy Court conducts pretrial proceedings. Butler Opp'n ¶¶ 8-11 (citing Agin, 2014 WL 6773727; Inofin I, 2014 WL 1795575). The Court declines to do so for efficiency reasons. The Court acknowledges that Local Rule 206 contemplates that bankruptcy courts will resolve cases, and, in the event that a district court determines that a bankruptcy court lacked the constitutional authority to enter a final order or judgment, the district court may consider the bankruptcy

court's order or judgment "as proposed findings of fact and conclusions of law." LR 206.

The specific facts of this case place it within the class of cases where early withdrawal of the reference furthers justice. In many cases, such as where an adversary complaint includes discrete equitable and legal claims, it is appropriate to apply Local Rule 206 and allow the bankruptcy court to address pretrial matters. See Agin, 2014 WL 6773727, at *3. In such a case, the bankruptcy court may resolve some of the claims without consulting a jury. See id. The bankruptcy court's pretrial decisions may thereby obviate the counts on which a party has a putative jury trial right. See id. In contrast, here, each of Butler's claims invoke legal and equitable relief. Adv. Compl. ¶¶ 62-63, 71-72, 79-80, 90-91. Unlike the bankruptcy court in Agin, the Bankruptcy Court here cannot dispose of this case by "rul[ing] solely on equitable grounds." See 2014 WL 6773727, at *3.

Butler cites but one other case from another session of this Court in support of delay, Inofin I, 2014 WL 1795575. See Adv. Compl. ¶ 13. This Court's approach varies only slightly from Judge Gorton's in Inofin I. In Inofin I, Judge Gorton denied a motion to withdraw the reference after the bankruptcy court denied the defendants' motion to dismiss and prior to discovery, reasoning that the bankruptcy court was best situated

to manage discovery. 2014 WL 1795575, at *2-3. Judge Gorton denied the motion to withdraw the reference without prejudice, however, because he expected that it would "likely be more efficient for this Court to consider dispositive motions in the first instance rather than reviewing de novo the proposed findings of fact and conclusions of law of the bankruptcy judge with respect to such motions." Id. Accordingly, Judge Gorton later withdrew the reference so as to rule on a summary judgment motion. See DeGiacomo v. Holland & Knight, LLP (In re Inofin Inc.), 219 F. Supp. 3d 265, 270 (D. Mass. 2016) (Gorton, J.) ("Inofin II").

Here, this Court withdraws the reference before the parties have completed discovery. Although the Bankruptcy Court has not ruled on pre-discovery dispositive motions, including Sebago's motion to dismiss, such rulings would be subject to this Court's de novo review. See LR 206. Consequently, it would be inefficient and delay resolution of this matter for this Court to hold off on withdrawing the reference. Hence, the Court deems withdrawal of the reference appropriate at this stage of the litigation.

One final consideration bears mention. Withdrawal of the reference in this instance serves our jury system, nothing more. Should there be any suggestion of judge shopping or delay, then the provisions of Local Rules 201 and 206 ought govern. That

is, a bankruptcy litigant who asserts a jury trial right ought make that assertion at the earliest possible moment. Moreover, the Bankruptcy Court in the District of Massachusetts is a court of commendable timeliness and efficiency. Usually no more than nine months elapse from the joinder of issue and merits adjudication. A litigant seeking a jury trial ought thus expect the same nine-month run up to jury trial from the date of the withdrawal.

## IV. CONCLUSION

Since fraudulent transfer claims are, with rare exception, triable as matter of constitutional right before a jury, in order fully to vindicate that constitutional guarantee, this Court GRANTED the Batemans' motion for an order withdrawing the reference to the Bankruptcy Court, ECF No. 1.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE